SCHOTT, Judge.
This is a suit by the Secretary of the Department of Revenue and Taxation of the State of Louisiana to collect sales tax for the years 1975-1977 from an owner of vessels and barges. From a judgment in favor of the Secretary, defendant has appealed. The issue is whether the exemption of LSA-R.S. 47:305.1 applies to replacement materials, equipment, and machinery or, as the Secretary contends, applies only to original components.
R.S. 47:305.1 at the time pertaining to this controversy[1] provided as follows:

Exclusions and exemptions; ships and ships’ supplies

A. The tax imposed by R.S. 47:302(A)(1) shall not apply to sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof.
B. The taxes imposed by R.S. 47:302 shall not apply to materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.
There is no dispute that the sales tax at issue was assessed on sales of material, equipment, and machinery which replaced original components and were not part of the original construction. Furthermore, all vessels and barges were of fifty ton load displacement and over and none were operating exclusively in foreign or interstae coastwise commerce. Both sides agree also that the words “built in Louisiana” in Subsection A can be construed to mean built in Louisiana or in any other state.
The Secretary argues that the concluding words of Subsection A, “when sold by the builder thereof” connote that the exemption applies only to original construction. However the words of the statute clearly grant the exemption to sales of components which enter into and become parts of vessels and barges. The word “nor” is a disjunctive which applies the exemption to sales of vessels. Thus, there are two separate and distinct exemptions granted by the statute to two different classes. Defendant belongs to the first *785 class to whom there were sales of components which entered into and became parts of its vessels and barges. The sale by builder clause has nothing to do with defendant’s exemption.
The Secretary also argues that Subsection B supports a conclusion that defendant owes the tax because it creates an exemption for “materials and supplies used in ... repairs where such materials and supplies enter into and become a component part of such ships or vessels operating exclusively in foreign or interstate coast-wise commerce ...” According to the Secretary the specific reference to vessels operating in foreign or interstate coastwise commerce leads to the conclusion that the legislature did not intend to apply the exemption to repair components installed in vessels not operating exclusively in foreign or interstate coastwise commerce.
It seems clear that the primary legislative intent in drafting Subsection B was to draft a catch-all which would exempt any and all transactions involving these foreign or interstate vessels including all materials or supplies sold to these ships whether becoming components thereof or even used or consumed in the maintenance and operation thereof. But we do not construe this catch-all exemption to detract from or alter the exemption given defendant in Subsection A.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, Central Marine Service, Inc., and against the plaintiff, Shirley McNamara, Secretary of the Department of Revenue and Taxation, State of Louisiana dismissing her suit at her cost.
REVERSED AND RENDERED.

. The amendment by Act 554 of 1976 made no change of significance to this controversy.