511 So.2d 1196 (1987)
CANAL BARGE COMPANY, INC.
v.
Shirley McNAMARA, Secretary of the Louisiana Department of Revenue & Taxation.
Nos. CA-6746, CA-6747.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 1987.
Rehearing Denied September 24, 1987.
*1197 Robert R. Casey, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, for Canal Barge.
Marlon V. Harrison, Dept. of Revenue and Taxation, Baton Rouge, for McNamara.
Before GARRISON, BARRY and CIACCIO, JJ.
GARRISON, Judge.
Appellant, Canal Barge Company, Inc., a business engaged in the transportation of freight by barge, appeals the trial court judgment affirming the decision of the Board of Tax Appeals assessing the amount of Louisiana sales tax owed by appellant for the period of January 1, 1980 through June 30, 1982. On September 28, 1984, the Board of Tax Appeals issued the following written findings and reasons:

*1198 1. The taxpayer-petitioner is not entitled to an exemption granted by LSA-R.S. 47:305.1(A);
2. The taxpayer-petitioner is entitled to the exemptions allowed by LSA-R.S. 47:305.1(B) only on the purchases that were preceded or followed by thirty days of uninterrupted travel in interstate commerce; treated herein as limited exclusively to trips made by vessels and barges owned by petitioner which commenced out of the State of Louisiana and ended in the State of Louisiana or commenced in the State of Louisiana and ended outside the State of Louisiana.
On appeal, Canal Barge argues that the exemption of LSA-R.S. 47:305.1(A)[1] applies to replacement materials and the costs of their installation as well as to original components. Canal Barge also argues that it should be afforded the exemption of LSA-R.S. 47:305.1(B)[2] for 65% of all of the fuel, supplies, replacement and maintenance parts because these were attributable to vessels used exclusively in interstate commerce.
The appellee, the Louisiana Department of Revenue and Taxation, also appeals the trial court's finding that Canal Barge was engaged in exclusive interstate coastwise commerce. Additionally, appellee argues that the trial judge incorrectly interpreted the portion of LSA-R.S. 47:305.1(B) which requires unbroken and exclusive operation in interstate coastwise commerce for a period of an entire calendar month in order to qualify for an exemption under that statute.
The issue of whether replacement parts qualify for the exemption of R.S. 47:305.1(A) as urged by Canal Barge, or whether this exemption applies only to original components as urged by the Department of Revenue and Taxation has recently been decided by the Louisiana Supreme Court in McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La.1987). In that case, the court held that the exemption of LSA-R.S. 47:305.1(A) applies only to the materials, equipment, and machinery which enter into and become component parts during construction of ships, vessels and barges of the requisite size.[3] Therefore, Canal Barge is not entitled to this sales tax exemption on materials, equipment and machinery which replace original components of its vessels and barges. On that issue, the finding of the Board of Tax Appeals is affirmed.
The second issue of this case involves whether or not sixty-five (65%) percent of Canal Barge's fuel, supplies, and replacement and maintenance parts were attributable to vessels used exclusively in interstate commerce and thus qualify for exemption from Louisiana sales tax pursuant to R.S. 47:305.1(B).
It appears that the Department of Revenue and Taxation is making the argument that Canal Barge would only be entitled to the sales tax exemption of R.S. *1199 47:305.1(B) if it was engaged exclusively in interstate commerce. According to the reviewing auditor's determination, the Canal Barge vessels in question were not engaged in interstate commerce. However, when the reviewing auditor testified as to how he arrived at that determination, he indicated that he was following the sales tax regulation interpreted by the Department of Revenue and Taxation as requiring a period of a calendar month of unbroken interstate transportation prior to actual purchases before those purchases qualify for the sales tax exemption of R.S. 47:305.1(B). This requirement has been declared invalid in McNamara v. John E. Chance and Associates, Inc., 491 So.2d 154 (La. App. 3rd Cir.1986) and in Sales Tax District No. 1 of Lafourche Parish v. Express Boat Co., Inc., 486 So.2d 947 (La.App. 1st Cir.1986) and affirmed on that issue by the Louisiana Supreme Court at 500 So.2d 364 (La.1987). In the John E. Chance and Associates case, the court adopted a rule by which supplies and repairs are to be prorated between intrastate and interstate commerce based upon the number of days the vessels operated in interstate commerce and the number of days in which the vessels operated in intrastate commerce without regard to whether or not the vessels operated for any consecutive one-month period in interstate commerce either before or after the purchases in question. We find this rule to be preferable to the all-or-nothing method urged by the Department of Revenue and Taxation.
The Department of Revenue and Taxation states, in its brief, that it only seeks to tax materials, parts, supplies and fuel which go into vessels that operate solely in the State of Louisiana. The Department also states that the tax auditor examined all of the boat logs and that those logs indicated that none of the Canal Barge vessels were engaged in interstate commerce, thereby, eliminating the sales tax exemption of R.S. 47:305.1(B).
However, because the auditor for the Department of Revenue and Taxation was following the definition of interstate commerce stated in R.S. 47:305.1 which has been declared invalid by the Louisiana Supreme Court and the First and Third Circuits, the finding of the Board of Tax Appeals on this issue must be reversed and this case must be remanded for resubmission to the state auditor with the instruction that the thirty-day rule of unbroken interstate commerce is to be disregarded and that a prorated determination is to be made as to the number of days the vessels in question operated in intrastate commerce and as to the number of days they operated in interstate commerce and that sales tax be assessed only as to the supplies and repairs attributable to intrastate commerce.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
CIACCIO, J., concurs.
CIACCIO, Judge, concurs.
I concur.
LSA-R.S. 47:305.1(B) grants a tax exemption to vessels operating exclusively in foreign or interstate commerce. Chance broadened the definition to exempt fuel consumed in the operation of boats offshore, outside of the territorial waters of Louisiana. I would not extend the exemption any further.
In this case it is admitted that the tugs were not engaged exclusively in interstate commerce since their tows combined together barges with interstate and intrastate destinations. If the exemption is to apply at all, it should be limited to fuel and supplies consumed while the tugs were outside the territorial waters of Louisiana, the Chance formula, and no further.
NOTES
[1] LSA-R.S. 47:305.1(A) states as follows:

A. The tax imposed by R.S. 47:302(A)(1), 321(A)(1), and 331(A)(1) shall not apply to sales of materials, equipment, and machinery which enter into and become component parts of ships, vessels, or barges, including commercial fishing vessels, drilling ships, or drilling barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof.
[2] LSA-R.S. 47:305.1(B) states as follows:

B. The taxes imposed by R.S. 47:302 and R.S. 47:321 shall not apply to materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.
[3] The Louisiana Supreme Court, in McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La.1987), reversed this Court's decision in McNamara v. Central Marine Service, Inc., 498 So.2d 783 (La.App. 4th Cir.1986).