PLOTKIN, Judge.
Appellants, Compass Offshore, Inc., Compass Towing Co., Inc., and Compass Marine Enterprises, Inc., seek review of the trial court’s affirmation of the Board of Tax Appeals’ decision concerning taxes assessed against them for the period beginning January 1,1980 and ending November 3, 1984.
Notices of tax assessment and notices of right to appeal taxes for the above period were issued to appellants by appellee, the Department of Revenue and Taxation on July 12, 1985. The three entities were assessed the following Louisiana general sales taxes for the period, pursuant to LSA-R.S. 47:301 et seq.: Compass Offshore, Inc. — $48,135.68; Compass Towing Co., Inc. — $17,261.27, and Compass Marine Enterprises, Inc. — $75,990.98.
Appellants challenged the assessments, claiming their operations were not properly subject to the taxes for a number of reasons. The Tax Appeals Board conducted a hearing March 6, 1986, then rendered a decision against plaintiffs, which was appealed to Civil District Court. The case was referred to a commissioner, who heard argument in the matter, then affirmed the Board’s decision. Appellants appeal the trial judge’s denial of their exceptions to the commissioner’s report.

Lease Agreement

The appellants argue first that Compass Offshore was improperly assessed taxes on a lease agreement which it entered with Dravo Mechling Corp. That tax was assessed pursuant to the following statute:
B. There is hereby levied a tax upon the lease or rental within this state of each item or article of tangible personal property....
LSA-R.S. 47:302(B).
“Lease or rental” is defined in LSA-R.S. 47:301(7) as follows:
the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property.
“Tangible personal property” is defined in LSA-R.S. 47:301(16) as follows:
personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses....
Compass Offshore entered contracts concerning the use and operation of two boats owned by Dravo, the Bud Webber and the Arkansas Traveler. For each boat, the parties executed two separate agreements, a Bareboat Charter Agreement and a Tow-age Agreement. The Department assessed taxes on the Bareboat Charter Agreements, which it maintains are leases subject to the tax set out above.
Compass Offshore admits that the Bare-boat Charter Agreements, taken alone, constitute lease or rental agreements which would properly be subject to tax, but claims the Charter Agreements must be read in conjunction with the Towage Agreements. The appellants allege that consideration of the two agreements together reveals that the parties intended to enter “operating agreements” for services, which should not be subject to Louisiana general sales taxes because the services involved do not fall within the enumerated services subject tax under LSA-R.S. 47:301(14).
In support of this position, the appellants point out the following facts: (1) The Bare-boat Charter Agreement and the Towage Agreement for each boat were entered on the same day. (2) The Charter Agreements charge Compass Offshore only $200 per day for use of the boats, when the fair market rental for those boats would be $600 to $700 per day. (3) The Towage Agreement provides for Dravo to pay Compass Offshore certain sums to operate the boats, including the reimbursal of the $200 per day rental fee. (4) Compass operates and mans the boats at the direction of Dravo and the boats are dedicated to Dra- *427 vo’s service, making the essential ingredient of a lease agreement, control over the leased object, missing. Compass argues that the parties executed two agreements, rather than one, in an effort to avoid Dra-vo’s labor contract, which requires that all Dravo’s boats be operated by union employees. Appellants claim that such arrangements are common in the towage business.
We find no error in the decision of the Board of Tax Appeals and the trial court that the Bareboat Charter Agreements are lease or rental agreements subject to tax under LSA-R.S. 47:302(B). As the appel-lees point out, the contracts themselves are the best evidence of the intentions of the parties, and there is nothing in the contracts which indicates that the Charter Agreements and the Towage Agreements are in any way dependent upon one another. Additionally, despite Compass Offshore’s arguments that the two boats are dedicated to Dravo’s service and that it therefore exercises no control over the leased property, nothing on the face of the contracts requires that result. Taxes were properly assessed on the lease agreement.

Exclusions and exemptions

The remainder of appellants’ arguments apply to all three Compass entities. They claim some of the taxes assessed are improper under the exclusions and exemptions provided by LSA-R.S. 47:305.1.
The taxes at issue here were assessed pursuant to LSA-R.S. 47:302(A), 321(A) and 331(A), all of which tax the following:
“the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property ....
LSA-R.S. 47:302(A).
The appellants’ contend that the following exemption, provided by LSA-R.S. 47:305.1(A) applies to repairs to their vessels. The exemption provides as follows:
A. The tax imposed by R.S. 47:302(A)(1), 321(A)(1) and 331(A)(1) shall not apply to sales of materials, equipment, and machinery which enter into and become component parts of ships, vessels, or barges, including commercial fishing vessels, drilling ships, or drilling barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof.
This argument is easily decided. Both this court and the Louisiana Supreme Court have held that the state sales tax exemption quoted above applies only to material, equipment and machinery which enter into and become component parts during construction, and does not apply to replacement parts. McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La.1987); Canal Barge Co., Inc. v. McNamara, 511 So.2d 1196 (La.App. 4th Cir.1987). Since Compass is claiming the exemption only for replacement parts, the decision of the court below is correct regarding this contention.
Appellants also argue the applicability of the exemption in LSA-R.S. 47:305.1(B), which provides as follows:
B. The taxes imposed by R.S. 47:302 and R.S. 47:321 shall not apply to materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coast-wise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise commerce; nor to materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.
The Compass entities contend that they are exempt from taxes on supplies and repairs under the above provision because *428 their vessels are involved exclusively in interstate commerce. The facts in the case show that Compass operates towboats which propel barges from Baton Rouge to parts of Louisiana as well as to other southern states through the intracoastal canal system. Testimony before the Tax Appeals Board indicates that most of the barges carry coal, which is not produced in Louisiana. The commissioner’s report contains a specific finding that the barges were operating exclusively in interstate commerce, but that the tows are not operating exclusively in interstate commerce, presumably because some of the deliveries are made within the state of Louisiana. The appellants argue that the tows should have the same classification as the barges.
Obviously, the appellants operate both in interstate and intrastate commerce. Therefore, we find no error in the lower court’s holding that the tows do not operate exclusively in interstate commerce. However, under recent caselaw, that finding does not deprive the Compass entities of the benefit of the LSA-R.S. 47:305.1(B) exemption entirely. In Canal Barge Co., Inc., supra, this court invalidated the requirement that vessels qualifying for the exemption operate exclusively in interstate commerce and adopted the rule developed by other state appeals courts by which supplies and repairs are prorated between intrastate and interstate commerce to determine the appropriate taxes. See McNamara v. John E. Chance and Asso., Inc., 491 So.2d 154 (La.App. 3d Cir.1986); Sales Tax District No. 1 of Lafourche Parish v. Express Boat Co., Inc., 486 So.2d 947 (La.App. 1st Cir.1986), aff'd on that issue, 500 So.2d 364 (La.1987). Therefore, the case is remanded to the lower court on that issue to determine the proper proration of the taxes.

Conclusion

The finding of the Board of Tax Appeals and of the trial court that the agreements between Compass Offshore and Dravo are lease agreements subject to taxes under LSA-R.S. 47:302(B) is affirmed. The decision holding that the Compass entities are not entitled to the LSA-R.S. 47:305.1(A) exemption for replacement parts for its vessels is affirmed. The finding that the Compass vessels do not operate exclusively in interstate coastwise commerce is affirmed, but the result of that finding that appellants are not entitled to the benefit of the LSA-R.S. 47:305.1(B) exemption is reversed. The case is remanded on the issue of proper proration of taxes for intrastate as opposed to interstate commerce.
AFFIRMED IN PART.
REVERSED IN PART.
REMANDED.